UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| DEREK HART, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. |
| | ) |
| KNOCKERBALL MIDMO, LLC and | ) |
| ATLANTIC SPECIALTY INSURANCE | ) Circuit Court Cause No.: 17 AC-CC00423 |
| COMPANY, | ) |
| | ) |
| Defendants. | ) |

## NOTICE OF REMOVAL

COMES NOW ATLANTIC SPECIALTY INSURANCE COMPANY ("ATLANTIC"), a corporation, defendant herein, and for its Notice of Removal states and alleges as follows:

1. A civil action captioned Petition for Equitable Garnishment has been commenced and is now pending in the Circuit Court of Cole County, Missouri wherein DEREK HART ("HART") is Plaintiff, ATLANTIC is Defendant, and KNOCKERBALL MIDMO, LLC ("KNOCKERBALL") is named as a defendant but, in fact, is aligned with HART. Said action is designated Cause No. 17 AC-CC00423.

2. HART seeks to recover under his Petition the "underlying Judgment totaling $44,631,268.99, plus interest and costs" against ATLANTIC, which was an insurer of KNOCKERBALL.

3. Upon information and belief, HART has entered into an agreement with KNOCKERBALL whereby HART has agreed to execute his judgment only against KNOCKERBALL's insurers. KNOCKERBALL appeared through counsel in the damage hearing in the underlying case but failed to move to set aside the default or to present any

evidence, an action which is consistent only with HART'S agreement not to hold KNOCKERBALL responsible to pay the judgment.

4. Said action 17 AC-CC00423 was commenced on or about the 17th day of August, 2017, and a copy of the Petition was served upon ATLANTIC on August 22, 2017; this Notice of Removal is filed within thirty (30) days after receipt by ATLANTIC of a copy of said Petition.

5. On August 23, 2017, KNOCKERBALL filed its answer in Cause No. 17 AC-CC00423 admitting all of the allegations alleged in HART's Petition, and further asserted a cross-claim against ATLANTIC alleging "Knockerball suffered damages in the amount of the judgment entered against it and in favor of Plaintiff Hart ($44,631,268.99)."

6. ATLANTIC is incorporated under the laws of the State of New York and has its principal place of business in the State of Minnesota.

7. Upon information and belief, HART is a citizen of the State of Missouri.

8. Upon information and belief, KNOCKERBALL is a Missouri limited liability company and all of its members are citizens of the State of Missouri or states other than New York and Minnesota.

9. The matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

10. Said action No. 17 AC-CC00423 is a civil action as to which this Court has original jurisdiction under Title 28, United States Code, 1332 which provides that: "The District Courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between-- (1) citizens of different States…." This action is removable to the United States District Court pursuant to Title 29, United States Code 1441 et seq. in that:

a. ATLANTIC is a citizen of the State of New York and a citizen of the State of Minnesota, and HART is a citizen of the State of Missouri.

b. KNOCKERBALL, a Missouri citizen, is a judgment debtor. Though KNOCKERBALL is named as a defendant herein, HART seeks no relief against KNOCKERBALL. There is no alleged case or controversy between HART and KNOCKERBALL, and there is in fact no controversy between them. KNOCKERBALL's interests are aligned with HART. As stated above, upon information and belief, KNOCKERBALL has entered into an agreement with HART whereby HART has agreed to look only to KNOCKERBALL's insurance to satisfy the judgment and both parties are in fact acting in concert. Further, both KNOCKERBALL and HART purport to allege bad faith on the part of ATLANTIC and are united on that issue, which is the primary matter in dispute. Therefore, KNOCKERBALL should be aligned for jurisdictional purposes as a plaintiff with HART. See *City of Vestavia Hills v. General Fidelity Ins. Co.*, 676 F.3d 1310 (11th Cir. 2012)(upholding the realignment of the insured with the plaintiff under an Alabama statute indistinguishable from Missouri's equitable garnishment statute – Section 379.200); *Randolph v. Employers Mut. Liability Ins. Co. of Wis.*, 260 F.2d 461, 464 (8th Cir. 1958)("It does not appear that Stokes, the defendant in the state court case [and judgment debtor], is a party to this proceeding. Even if he were to be considered a party to the present [garnishment] proceeding, he should be aligned for jurisdictional purposes with the plaintiff, as it would be to Stokes' interest to have the judgment against him satisfied by his insurer.").

c.  Defendant acknowledges that a number of Missouri federal district court decisions have declined to realign the parties in equitable garnishment actions; however, they all proceeded on a variety of erroneous premises or distinguishable facts, including: (a) the erroneous premise that Missouri's statute requiring the insured to be added as a "defendant" was controlling when, in fact, federal law concerning the alignment of parties is controlling (*Vestavia Hills,* 676 F.3d at 1313); (b) that realignment would somehow improperly create federal jurisdiction when, in fact, realignment is a proper and necessary part of the diversity determination (*Id*. at 1313-1314); or (c) that the plaintiff and insured are adverse because the insured remains liable for an excess judgment, which is not the case herein and, in any event, does not make the plaintiff and the insured adverse because both benefit by making the insurer liable and the adversity, if there were any, relating to any excess judgment is not an issue in this garnishment action (*Id*. at 1313-1314; *Randolph,* 260 F.2d at 464).

d.  Defendant acknowledges that several Missouri federal district court decisions, including a decision by this Court in *Village at Deer Creek Homeowners Ass'n, Inc. v. State Automobile Ins. Co*., 2011 WL 2681229 (W.D.Mo. 2011) have held that removal is precluded by the "direct action" provision in 28 U.S.C. §1332(c)(1).  However, there is no Eighth Circuit case on point, and the Eleventh Circuit has subsequently held that an Alabama statute that is indistinguishable from Missouri's equitable garnishment statute is not a direct action statute within the meaning of 28 U.S.C. §1332(c)(1).  *City of Vestavia Hills v. General Fidelity Ins. Co*., 676 F.3d 1310, 1515 (11th Cir. 2012)("unless the cause of action against

the insurance company is of such a nature that the liability sought to be imposed could be imposed against the insured, the action is not a direct action"). The line of Missouri cases that remand equitable garnishment actions on the "direct action" theory have failed to consider the fact that "direct action" is a term of art as used in Section 1332. It is limited to actions that could have been brought against the insured. The nature of a "direct action" within the meaning of 28 U.S.C. §1332(c)(1) is carefully analyzed in *S & W Mobile Home & RV Park, LLC v. B&D Excavating and Underground, LLC*, 2017 WL 3129752, p. 3 (D. N.D. 2017)("Thus, unless the cause of action against the insurance company is essentially the same claim that would seek liability against the insured, the action is not a direct action.") and in *Davis v. Carey*, 149 F.Supp.2d 593, 596-601 (S.D. Ind. 2001). See also *Dasta v. Response Worldwide Ins. Co.*, 2010 WL 2902734, p. 1 (W.D. Mo. 2010)(discussing the history and purpose of the "direct action" amendment). The claims herein are on an insurance policy and for bad faith, neither of which could have been asserted against KNOCKERBALL; therefore, this Court should revisit the "direct action" issue in light of the intent and purpose of 28 U.S.C. §1332(c)(1).

11. Said action No. 17 AC-CC00423 is not an action described in 28 U.S.C. §1445.

12. A defendant's notice of removal need include only a short and plain statement of the grounds for removal containing plausible allegations supporting removal. A defendant is not required to submit evidence establishing federal-court jurisdiction with its notice of removal unless the plaintiff or the court questions the defendant's claim of jurisdiction. *Pudlowski v. The*

-5-
Case 2:17-cv-04182-NKL   Document 1   Filed 09/21/17   Page 5 of 6

*St. Louis Rams, LLC*, 829 F.3d 963, 964 (8th Cir. 2016). If the factual basis is challenged, discovery on the limited issues affecting jurisdiction should be permitted. *Id*. at 965-965.

13. Promptly after the filing of this Notice of Removal ATLANTIC will give written notice thereof to HART and will file a copy of this Notice with the Clerk of the Circuit Court of Cole County, Missouri.

14. ATLANTIC files herewith a copy of all processes, pleadings and orders received by it in said action No. 17 AC-CC00423; that attached hereto marked Exhibit A and made a part hereof is a copy of the Petition heretofore received by ATLANTIC; that no other processes, pleadings or orders have been served upon ATLANTIC in said action No. 17 AC-CC00423.

WHEREFORE, ATLANTIC gives Notice that said action No. 17 AC-CC00423 is hereby removed from the Circuit Court of Cole County, Missouri, and moves that this Court accept and take jurisdiction of this action for trial and determination.

This Notice is signed by counsel for defendant pursuant to Rule 11 of the Federal Rules of Civil Procedure.

BY: _____
Patrick Kenny                #38032
Wilbur L. Tomlinson           #28210
Clark H. Cole                 #28668
ARMSTRONG TEASDALE LLP
7700 Forsyth Blvd., Suite 1800
St. Louis, Missouri 63105
314.621.5070
314.621.5065 (facsimile)
pkenny@armstrongteasdale.com
wtomlinson@armstrongteasdale.com
ccole@armstrongteasdale.com