**UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**CENTRAL DIVISION**

| | |
|---|---|
| DEREK HART, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 2:17-CV-04182-NKL |
| | ) |
| | ) |
| KNOCKERBALL MIDMO, LLC, and | ) |
| ATLANTIC SPECIALTY INSURANCE | ) |
| COMPANY, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

Pending before the Court are Plaintiff Derek Hart's Motion to Remand, Doc. 3, and

Defendant Knockerball MidMo, LLC's Motion to Remand, Doc. 7.   For the following reasons,

the Motions to Remand are granted.   Because the Court grants the Motions to Remand,

Defendant Knockerball MidMo, LLC's Motion for Leave to File First Amended Cross-Claim,

Doc. 40, is denied for lack of subject matter jurisdiction.

## I.     Introduction

On December 23, 2016, Derek Hart visited Knockerball MidMo, LLC ("Knockerball"),

where he sustained severe and permanent injuries, including paralysis.   One month later, Hart

served Knockerball with a state court lawsuit, claiming that Knockerball was liable for his

damages.   At the time, Knockerball was insured under a policy issued by Atlantic Specialty

Insurance Company ("Atlantic"), with a coverage period of July 1, 2016 through July 1, 2017.

Despite notice of the lawsuit, Atlantic did not defend Knockerball in state court.   Soon

thereafter, Knockerball was held to be in default, and on July 11, 2017 a bench trial determined

Hart's damages.   On July 13, 2017, the state court entered a final judgment against Knockerball

1

in the amount of $44,631,268.99.

On August 17, 2017, Hart filed an equitable garnishment proceeding in the Circuit Court of Cole County, Missouri, under Mo. Rev. Stat. § 379.200, seeking to recover the judgment from Knockerball's insurer, Atlantic. Pursuant to Section 379.200, both Knockerball and Atlantic were named as defendants. On August 23, 2017, Knockerball filed a cross-claim against Atlantic, alleging breach of its duties under the insurance policy. On September 21, 2017, Atlantic removed the case on the basis of diversity citizenship. Both Hart and Knockerball move to remand.

## II.    Discussion

Upon removing an action to federal court, the defendant bears the burden of proving by a preponderance of the evidence that the court has subject matter jurisdiction over the case. *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010); *Hatridge v. Aetna Cas. & Sur. Co.*, 415 F.2d 809, 814 (8th Cir. 1969). "Removal statutes are strictly construed, and any doubts about the propriety of removal are resolved in favor of state court jurisdiction and remand." *Baumgartner v. Ford Motor Credit Co.*, No. 07-4084-CV-C-NKL, 2007 WL 2026135, at *1 (W.D. Mo. July 9, 2007) (citing *In re Business Men's Assurance Co. of America*, 992 F2d 181, 183 (8th Cir. 1993)).

It is undisputed that Plaintiff Hart and Defendant Knockerball are both Missouri citizens. Nevertheless, Atlantic argues that removal is proper based on two co-dependent theories. First, Atlantic argues that although Section 379.200 requires both the insured and the insurer to be joined as defendants, Knockerball, the insured, must be realigned with Plaintiff for purposes of determining jurisdiction. Second, Atlantic argues that the direct action provision of 28 U.S.C. 1332(c)(1) does not apply to this case, because petitions brought under Section 379.200 do not

constitute direct actions against the insurer. Atlantic must prevail on both of these theories to

avoid remand—a difficult task considering that a significant number of courts within this circuit

have rejected both.

With regard to realignment, Atlantic argues that the parties' alignment under Section

379.200 is immaterial, and Knockerball must be realigned with Hart for federal jurisdiction

purposes. In determining jurisdiction, "the designation of parties as plaintiff or defendant in the

pleadings is not controlling . . . ." *Dryden v. Dryden*, 265 F.2d 870, 873 (8th Cir. 1959). "It is

the duty of the federal courts to look beyond the pleading and to arrange the parties according to

their sides in the dispute." *Universal Underwriters Ins. Co. v. Wagner*, 367 F.2d 866, 870 (8th

Cir. 1966). Furthermore, "[t]he question whether a civil action is removable and has been

properly removed is one for the consideration of the federal courts and is not controlled by State

law." *Elite Nurse Staffing, inc. v. Am. Cas. Co. of Reading, Pa.*, No. 2:10–CV–04210–NKL,

2010 WL 5300926, at \*4 (W.D. Mo. Dec. 20, 2010) (quoting *Stoll v. Hawkeye Cas. Co. of Des

Moines Iowa*, 185 F.2d 96, 99 (8th Cir. 1950)); *see also Minot Builders Supply Ass'n v.

Teamsters Local 123*, 703 F.2d 324, 327 (8th Cir. 1983) ("The question whether a particular

party is a 'defendant' for purposes of removal is a matter of federal law.").

Atlantic urges the Court to follow the Eleventh Circuit's holding in *City of Vestavia Hills

v. General Fidelity Insurance Company*, 676 F.3d 1310 (11th Cir. 2012), a case brought pursuant

to an Alabama statute that is nearly indistinguishable from Section 379.200.[1]  There, the

---

[1]      Alabama Code § 27-23-2, under which *Vestavia Hills* was brought, reads:

> Upon the recovery of a final judgment against any person, firm, or corporation by any
> person, including administrators or executors, for loss or damage on account of bodily
> injury, or death or for loss or damage to property, if the defendant in such action was
> insured against the loss or damage at the time when the right of action arose, the
> judgment creditor shall be entitled to have the insurance money provided for in the
> contract of insurance between the insurer and the defendant applied to the satisfaction of

Eleventh Circuit held that the interests of the defendant-insured and the plaintiff were aligned once the judgment was entered against the defendant-insured in the underlying case. *Id.* at 1314 ("[T]he only thing that [the defendant-insured] could want out of this case is for Vestavia Hills to win."). Thus, for purposes of diversity jurisdiction, the Eleventh Circuit realigned the defendant-insured with the plaintiff. *Id.* Here, Atlantic argues that just as in *Vestavia Hills*, both Hart and Knockerball would like nothing more than for Atlantic to fulfill the judgment, and therefore Knockerball should be realigned with Hart. Atlantic also argues that *Randolph v. Employers Mut. Liability Ins. Co.*, 260 F.2d 461 (8th Cir. 1958), supports such realignment. *Randolph* noted, in dicta, that it would be proper in a garnishment action to align the underlying defendant with the plaintiff for jurisdictional purposes. *Id.* at 464.

However, as Atlantic acknowledges, a number of Missouri federal district courts have also taken up the issue, and each declined to realign the parties as Atlantic suggests. *See, e.g.*, *Goree v. PV Holding Corp.*, No. 4:15-CV-202 CEJ, 2015 WL 2238960, at *3 (E.D. Mo. May 12, 2015) ("Courts have repeatedly rejected the argument that judgment debtors sued under § 379.200 can be realigned as plaintiffs for the purposes of creating federal jurisdiction); *Webster*

---

the judgment, and if the judgment is not satisfied within 30 days after the date when it is entered, the judgment creditor may proceed against the defendant and the insurer to reach and apply the insurance money to the satisfaction of the judgment.

Mo. Rev. Stat. § 379.200 reads:

Upon the recovery of a final judgment against any person, firm or corporation by any person, including administrators or executors, for loss or damage on account of bodily injury or death, or damage to property if the defendant in such action was insured against said loss or damage at the time when the right of action arose, the judgment creditor shall be entitled to have the insurance money, provided for in the contract of insurance between the insurance company, person, firm or association as described in section 379.195, and the defendant, applied to the satisfaction of the judgment, and if the judgment is not satisfied within thirty days after the date when it is rendered, the judgment creditor may proceed in equity against the defendant and the insurance company to reach and apply the insurance money to the satisfaction of the judgment. This section shall not apply to any insurance company in liquidation.

4

*v. Mair*, No. 4:15 CV 430 RWS, 2015 WL 1886640, at *2 (E.D. Mo. Apr. 24, 2015) ("[Defendant-insured] cannot be realigned as a party-plaintiff."); *Kendall v. N. Assur. Co. of Am.*, No. 09-0539-CV-W-GAF, 2009 WL 2632757, at *2 (W.D. Mo. Aug. 25, 2009) ("This Court has rejected this realignment argument on at least four separate occasions."); *Haines v. Sentinel Ins. Co.*, No. 08-00981-CV-W-FJG, 2009 WL 648894, at *3 (W.D. Mo. Mar. 11, 2009) ("[T]he Court finds that the realignment of [the defendant-insured] is improper in this action because he is a necessary party defendant to the action under Mo.Rev.Stat. § 379.200."). Indeed, this Court is one of the many that has declined to realign a defendant-insured with the plaintiff under Section 379.200. *See Cincinnati Ins. Co. v. R & L Siding, Inc.*, No. 01–04091–CV–C–NKL, 2002 U.S. Dist. LEXIS 29357, (W.D. Mo. June 21, 2002).

Nevertheless, Atlantic asks the Court to ignore this long line of cases because the previous decisions each "proceeded on a variety of erroneous premises or distinguishable facts." Notice of Removal, Doc. 1, p. 4. Some decisions, Atlantic argues, confuse the necessary party concept with realignment. Doc. 16, p. 12. Others are allegedly inapplicable because the decisions to remand were based upon whether or not the defendant-insured is a nominal party. Doc. 16, p. 11.

Although the Court is not bound by the parties' statutory alignment under Section 379.200, it is bound by *Glover v. State Farm Fire and Casualty Company*, 984 F.2d 259, 260 (8th Cir. 1993). There, the Eighth Circuit affirmed the district court's decision that Section 379.200 "require[d] joinder of [the defendant-insured] as an additional party defendant, and that joinder of [the defendant-insured] in the federal action would destroy diversity jurisdiction." *Id.* at 260. *Glover* also affirmed the district court's holding that "[the plaintiff] could not bring

such an action [under Section 379.200] in federal court," *id.* at 260-261, a critical requirement of removal under 28 U.S.C. 1441(a).

Federal courts have an obligation to exercise the jurisdiction bestowed upon them. *See Colorado River Water Conservation Dist. v. U.S.*, 424 U.S. 800, 817 (1976) (noting the "virtually unflagging obligation of the federal courts to exercise the jurisdiction given them"). Therefore, in affirming the district court's jurisdictional determinations, *Glover* implicitly rejected the use of realignment to create federal jurisdiction. The Eighth Circuit's earlier decision, *Randolph*, does not affect the outcome of this case because it did not consider equitable garnishment under Section 379.200. Under Section 379.200, Knockerball is a necessary party-defendant to Hart's equitable garnishment action, and realignment of Knockerball with Hart is not proper because it would create diversity in contradiction to *Glover*.

Because Hart and Knockerball are both undisputed citizens of Missouri, and the Court declines to realign the parties, diversity of citizenship does not exist and the Court is without jurisdiction to entertain the removed action. The question of whether Section 379.200 constitutes a "direct action," as that phrase is used in 28 U.S.C. § 1332(c)(1), does not affect the outcome of these motions, and therefore the Court need not address the issue.

## III.    Conclusion

For the foregoing reasons, Plaintiff Hart's Motion to Remand, Doc. 3, and Defendant Knockerball MidMo, LLC's Motion to Remand, Doc. 7 are granted. Because the Court grants the Motions to Remand, Defendant Knockerball MidMo, LLC's Motion for Leave to File First Amended Cross-Claim, Doc. 40, is denied for lack of subject matter jurisdiction.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: <u>December 8, 2017</u>
Jefferson City, Missouri